**SOVEREIGN CAMP, W. O. W., v. McKINNON et al.**

District Court, M. D. Georgia, Americus Division.

March 19, 1931.

J. R. Lunsford, of Reynolds, Ga., for respondent B. H. McKinnon.

H. O. Jones, of Americus, Ga., for respondents Artie Lee Hallman and others.

DEAVER, District Judge.

### Findings of Fact.

1. The Sovereign Camp of the Woodmen of the World issued to Benjamin F. Goss its certificate No. R. W.—849304—L for $1,000, in which his daughter, Mrs. Katie McKinnon, was designated beneficiary.

2. The insured and the beneficiary were killed on or about November 29, 1929, when the automobile in which they were riding was struck by a railroad train.

3. Surviving Mrs. Katie McKinnon, the beneficiary, were her husband, B. H. McKinnon, one child about 8 years old, who died the day after its mother died, and a child, Billy McKinnon, 4 years old in August, 1930, who is now living.

4. B. H. McKinnon is the duly constituted administrator of the estate of Mrs. Katie McKinnon, deceased, the beneficiary in the policy, and the duly constituted guardian of the minor child, Billy McKinnon.

5. Benjamin F. Goss, the insured, left no surviving wife.

6. Artie Lee Hallman, Lillie Autrey, Bennie L. Goss, Fanny M. Christian, Alton W. Goss, and Elma P. Lowry are the surviving children of Benjamin F. Goss, the insured.

7. Section 55 (b) of the constitution, laws, and by-laws of the association is as follows:

"In the event of the death of all the beneficiaries designated in the certificate before the death of the member, if no new des-

ignation has been made, the benefits shall be paid to the surviving wife and surviving children and adopted children of the member, share and share alike; provided, that such surviving wife shall not be entitled to any benefits if she shall have been divorced; provided further, that if there be no surviving wife, the surviving children and adopted children, if any, shall be entitled to all of such benefits, and if there be no surviving children or adopted children, then the surviving wife, if any, shall be entitled to the benefit; but if there be no surviving wife, children or adopted children, such benefit shall be paid to the next living relation of the member, in the following order: Parents or surviving parent, grandchildren, brothers and sisters, other blood relations, father-in-law and mother-in-law, son-in-law and daughter-in-law, brother-in-law and sister-in-law, step-father and step-mother, step-children, step-brother and step-sister, and persons dependent upon the member; and blood relatives of the half blood shall share equally with those of the full blood."

Section 55 (d) is as follows:

"If there be no person surviving the member who is a legal beneficiary as defined in section 3 hereof, or if proof of claim is not completed by a qualified beneficiary within two years from the death of a member, then the said benefits shall be held by the Association for the use and benefit of any home, hospital or sanatorium maintained and operated by the Association."

8. Benjamin F. Goss, the insured, and Mrs. Katie McKinnon, the beneficiary, perished in a common disaster and actual survivorship is unascertainable.

(The question of fact whether Mrs. Katie McKinnon paid the premiums for any period after her designation as beneficiary is not determined; that fact being considered immaterial.)

Conclusions of Law.

1. The administrator has the burden of showing that the beneficiary survived the insured. There being no proof of actual survivorship and no presumption of survivorship, the administrator has failed to carry the burden. Therefore, under the facts, the proceeds of the policy go to the surviving children of the insured to the exclusion of the administrator and to the exclusion of the beneficiary's minor child, who was the grandchild of the insured.

2. Even if Mrs. McKinnon paid the premiums after she was designated beneficiary, her administrator would not be entitled to reimbursement out of the proceeds of the policy.

Opinion.

The constitution and by-laws became a part of the insurance contract. Section 55 (b) provides that, "in the event of the death of all the beneficiaries designated in the certificate before the death of the member," the proceeds of the policy shall go to the surviving children of the member. The language quoted is in effect the same as "if the member survives the beneficiary." In other words, the contract provides that, if the beneficiary survives the member, she takes, and, if the member survives the beneficiary, the surviving children of the member take. There is no specific provision covering the contingency of inability to ascertain survivorship. It becomes necessary, therefore, to determine, if possible, from the contract, the intention of the parties in the event of such a contingency.

It seems reasonable to say that the insured had in mind and so contracted to provide first for the beneficiary if, upon the accrual of the claim, she should be alive and able to take the benefit, and then to provide for his surviving children, if she should not be alive and able to take. If such was the intention, then it is immaterial that the contract contained in substance the words, "if the member should survive the beneficiary" instead of the words "if the beneficiary should not survive the member." Young Women's Christian Home v. French, 187 U. S. 401, 23 S. Ct. 184, 47 L. Ed. 233.

In the case of Cedergren v. Massachusetts Bonding & Ins. Co. (C. C. A.) 292 F. 5, the policy was on the life of Emma Peterson, payable to Mangus Peterson, and provided that, "in case of the prior death" of Mangus Peterson, the company should not be liable. They both perished in a common disaster. The burden was held by the court to be on the administrator of Mangus Peterson to show that he survived Emma Peterson. See, also, Joyce on Insurance, vol. 2, p. 1824, § 832.

Moreover, section 55 (d) of the constitution and by-laws provides that, if no legal beneficiary survives the member, the proceeds shall be held by the association for the use of any home, hospital, or sanatarium operated by the association. That provision shows an intention that the beneficiary, to be able to take, must survive the insured.

Under section 55 (b), if the beneficiary does not take and there is no surviving wife,

the benefits go to the surviving children of the member. The beneficiary in this case was a child, but not a surviving child. The minor child of the beneficiary does not take, because under that section grandchildren of the member take only if there be no surviving wife or surviving children or surviving parent.

The administrator is not entitled to reimbursement for premiums even if the beneficiary paid them under an agreement that she should be named as beneficiary. The facts in this case are different from those in the case of Royal Arcanum v. Riley, 143 Ga. 75, 84 S. E. 428, cited by counsel, and similar cases. In that case there was a contract between the member and the beneficiary under which the beneficiary was to be named in consideration of his paying the dues and assessments. There was an attempt to change the beneficiary without his knowledge or consent. The contract was performed by the beneficiary, and the suit was not to recover money paid out, but to retain in equity his status as beneficiary and to receive benefits under the certificate. In this case, if the beneficiary paid premiums in consideration of being named beneficiary, then the contract was performed on both sides. She was named as beneficiary, and there was no attempt to change the beneficiary. She received what she contracted for. She bought and paid for her status as beneficiary with all the rights which might accrue to such beneficiary under the certificate. She paid not for the right to take the benefits in all events, but only for the right to take such benefits as the certificate provided for the beneficiary. She contracted for the opportunity to take the benefits if she survived the member. The incidental fact that she did not survive does not give her administrator any legal or equitable right to receive the proceeds of the insurance or to be reimbursed for premiums.

A decree will be made accordingly.